UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY * | | CIVIL ACTION |
| * | | CASE NO. 07-9623 |
| * | | |
| vs. * | | SECT. "N"(5) |
| * | | |
| SANDRA MILLER, ET AL. * | | JUDGE KURT D. ENGELHARDT |
| * | | |
| * | | |

## ORDER

Before the Court is the **Motion for a New Trial (Rec. Doc. 99)**, filed by Defendants Robert Harvey and Patrick Klotz pursuant to FED. R. CIV. P. 59(a)(1)(B) and (a)(2). The motion is opposed.

Rule 59(a) allows a Court to grant a new trial, where there has been a trial without a jury, "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." *See* FED. R. CIV. P. 59(a). A motion for new trial under Rule 59(a) should be based upon a manifest error of law or mistake of fact. *See Miller v. Constar Plastics*, 2000 WL 1745005, *1 (E.D. La.); *Theriot v. Parish of Jefferson*, 966 F. Supp. 1435, 1452 (E.D. La. 1997). Under that standard, a judgment should not be set aside except for substantial reasons. *Miller*, 2000 WL 1745005, *1 (citing 11 Charles Wright, Arthur Miller & Mary Kane, *Federal Practice and Procedure,* § 2804). Moreover, "[c]ourts do not grant new trials unless it

is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking new trial." *Sibley v. Lemarie,* 184 F.3d 481, 487 (5th Cir. 1999), *cert. denied*, 529 U.S. 1019 (2000).

Defendants have not brought any new evidence to the Court's attention in their briefs. Rather, Defendants make two assertions: First, that the Court was unaware of, or gave inadequate attention to, the risk of a final judgment after appeal in the state court that would be inconsistent with this Court's judgment. Second, that the Court was unaware of, or erred in disregarding, the case of *Ragas v. Ragas*, 690 So. 2d 1112 (La. App. 1997), *vacated and set aside*, 701 So. 2d 140 (La. 1997). These assertions are groundless. As part of its Order, the Court enjoined any further state or federal proceedings affecting the funds at issue in this case, so there is no danger of an inconsistent state court judgment. *See* Order of September 25, 2008 (Rec. Doc. 96). Further, in ruling from the bench, the Court was aware of and explained its reasons for differing with the state appellate court's decision in *Ragas*. This Court is not bound by *Ragas* and is free to make its own independent judgment concerning the scope of the phrase "professional fees" in LA. REV. STAT. 37:218. Finding that there has not been manifest error of law or mistake of fact, there are no grounds for a new trial, and the motion is accordingly **DENIED**.

New Orleans, Louisiana, this 23rd day of October, 2008.

_____
**KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE**